## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHARLES F. STANSBURY, JR.,

    Plaintiff,

    v.                                                        Civil Action No.:  BAH-24-3419

HARFORD MUTUAL INS. GROUP, INC., et
al.,
    Defendants.

## MEMORANDUM AND ORDER

Charles Stansbury, Jr. ("Plaintiff") filed the above-captioned complaint *pro se,* ECF 1, together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted. However, for the reasons stated below, Plaintiff will be directed to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  Here, the Court finds that Plaintiff's claim is subject to dismissal because the Court lacks subject matter jurisdiction pursuant

to the *Rooker-Feldman* doctrine. Plaintiff will be directed to show cause why the complaint should not be dismissed.

In the complaint, Plaintiff alleges that he was "severely injured in a rear end collision by a negligent driver who was operating a commercial company van." ECF 1, at 2. The collision allegedly resulted in injuries and required Plaintiff to undergo back surgery. *Id.* According to the complaint, Plaintiff filed a claim with the insurance company of the commercial business that employed the driver, and then subsequently filed "a complaint for damages in the Circuit Court for Harford County." *Id.* at 3. Plaintiff asserts that "despite an overwhelming preponderance of material facts and evidence based on a prima facie case[,] [t]he Court ruled to dismiss the case without due process or equal protection of the law by the 14th Amendment." *Id.* Plaintiff also maintains that there was a "conflict of interest concerning [the] attorney of the company of the driver and the insurance company[.]" *Id.* Plaintiff indicates that the state court case was dismissed on appeal. *Id.* at 4. In the current case, Plaintiff seeks "by executive order before a federal tribunal" that the Court "issue a prerogative writ to the Circuit Court asserting this case be remanded to the lower Court to decide liability." *Id.* at 5.

The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983) (quoting *Atlantic Coast Line R. Co. v. Brotherhood. of Locomotive Engineers*, 398 U.S. 281, 296 (1970)). The following requirements must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Great Western Mining & Mineral*

*Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (noting that the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim). If applicable, the federal court lacks subject matter jurisdiction over the federal plaintiff's claims and the claims must be dismissed. *See Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp*, 544 U.S. at 280 (2005)).

This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citations omitted). "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined" where "in order to grant the federal . . . relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual") (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal

court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyler*, 129 F.3d at 733). "[T]he key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 F. App'x 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). Plaintiff, of course, retains the ability to exercise his appellate rights in the state court system. *See Jordahl*, 122 F.3d at 202 ("[T]he [*Rooker-Feldman*] doctrine reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeals.").

Here, Plaintiff asks the federal district court to act as an appellate court and review the dismissal of his state court negligence claim, in direct violation of the *Rooker-Feldman* doctrine. Plaintiff alleges that his negligence claim was dismissed in violation of his due process and equal protection rights under the Fourteenth Amendment. *See* ECF 1, at 3. Plaintiff also avers that there was a conflict of interest with the attorney representing the defendant in the state court case below. *Id.* Fundamentally, Plaintiff contests the state court's dismissal of his claim and asks this Court to "issue a prerogative writ to the Circuit Court asserting this case be remanded to the lower Court to decide liability." *Id.* at 5. Accordingly, "[d]etermination of plaintiff's claims in [his] favor and awarding the relief [he] seeks would necessarily require this court to find that the [state] court proceedings were conducted in an improper manner, produced an improper result, or both." *Carter*

*v. Dep't of Health and Human Servs*, No. 18-cv-116, 2018 WL 2994818, at *4 (E.D.N.C. May 21, 2018). As such, the Court concludes that the *Rooker-Feldman* doctrine applies to the claims asserted by Plaintiff, and this Court lacks subject matter jurisdiction over them. *See Hairston v. Jackson,* No. 20-cv-174, 2021 WL 1087471, at *2 (N.D. W. Va. Mar. 22, 2021) (finding the *Rooker-Feldman* doctrine precluded the court from hearing plaintiff's claims because plaintiff asked the federal court to review and reject the family court's judgment); *Burke v. Superior Ct. of Keene, N.H.*, No. 12-cv-85, 2013 WL 319341, at *3 (E.D.N.C. Jan. 2, 2013), *report and recommendation adopted*, No. 12-cv-85, 2013 WL 323334 (E.D.N.C. Jan. 28, 2013) (dismissing complaint alleging the entry of a divorce decree and child support order without proper notice to plaintiff in light of the *Rooker–Feldman* doctrine); *Pannell v. North Carolina*, No. 23-cv-12, 2024 WL 4853311, at *5 (E.D.N.C. Nov. 6, 2024) (dismissing complaint alleging corruption and unethical behavior throughout the course of divorce proceeding in state court based on *Rooker-Feldman* doctrine); *Hinson-Gribble v. Purvis*, No. 16-cv-845, 2017 WL 9487214, at *4 (E.D.N.C. Mar. 30, 2017), *report and recommendation adopted*, No. 16-cv-845, 2017 WL 2226567 (E.D.N.C. May 22, 2017) (refusing to consider injuries allegedly resulting from improprieties in state divorce proceedings in light of *Rooker-Feldman* doctrine). Because the only relief Plaintiff seeks is direct review of the state court judgment and reversal of its findings, *see* ECF 1, at 5, the action must be dismissed. *See Millholland v. Abbeville Cnty*, No. 20-cv-4368, 2021 WL 260420, at *3 (D.S.C. Jan. 5, 2021) *report and recommendation adopted*, No. 20-cv-4368, 2021 WL 252585 (D.S.C. Jan. 26, 2021) (dismissing complaint where granting plaintiff's requested relief would require the court to review and reject the state court judgment). "To the extent Plaintiff seeks to challenge the state court rulings or enforce such rulings, his remedy lies in the state appellate courts and not in this federal court." *Id.* (citing *Moore v. Commonwealth of Va. Dep't of*

*Soc. Servs.*, No. 15-cv-515, 2016 WL 775783, at *4 (E.D. Va. Feb. 25, 2016) (explaining that the plaintiff was "the sort of 'state court loser' whom *Rooker-Feldman* says must travel through the state appellate courts, rather than jumping into a federal court")).[1]

Because the Court lacks subject matter jurisdiction, the Court is inclined to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  However, "district courts may only exercise their authority to *sua sponte* dismiss inadequate complaints if the procedure employed is fair to the parties.  Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond."  *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).  The Court therefore directs Plaintiff to show cause why the complaint should not be dismissed.  Plaintiff is forewarned that failure to show cause will result in dismissal of the complaint without further warning.

Accordingly, it is this 30 day of December, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. Plaintiff is DIRECTED to SHOW CAUSE by January 24, 2025, why his complaint should not be dismissed;

---

[1] To the extent Plaintiff's complaint can be construed as bringing a new negligence cause of action for the underlying accident, it is likely barred by the doctrine of res judicata, as Plaintiff has had a full and fair opportunity to litigate his claim in state court.  While res judicata is typically an affirmative defense to be raised by a party, in certain circumstances and taking into consideration interests of judicial economy, the Court may raise it on its own initiative.  *See Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised." (citation omitted)); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("[T]he affirmative defense of res judicata—which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided—may, in 'special circumstances,' be raised *sua sponte*." (quoting *Arizona*, 530 U.S. at 412–13)).

3. Plaintiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice; and

4. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge